People v Martinez (2024 NY Slip Op 00143)

People v Martinez

2024 NY Slip Op 00143

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Ind. No. 763/16 Appeal No. 1386-1386A Case No. 2019-1830, 2022-03761 

[*1]The People of the State of New York, Respondent,
v
Dennis Martinez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Lester B. Adler, J.), rendered November 27, 2018, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 10 years, and order, same court and Justice, entered on or about January 20, 2022, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The verdict rejecting defendant's justification defense was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant claimed that he stabbed the intoxicated victim in self-defense when the victim attacked and cut him with a knife. The evidence, however, also shows that the victim had fallen onto the floor during the altercation, and that defendant then took the knife and stabbed him seven times. This evidence disproved defendant's claim that he reasonably believed that deadly physical force was being used against him, and that the use of deadly physical force was necessary to defend himself (Penal Law § 35.15[2][a]; see generally People v Goetz, 68 NY2d 96, 114-115 [1986]). Further, defendant's initial statements to the police that three unknown assailants had stabbed the victim, and his attempt to hide the knife under a hat, demonstrated his consciousness of guilt (see People v Rodriguez, 199 AD3d 471, 472 [1st Dept 2021], lv denied 38 NY3d 930 [2022]).
The court providently exercised its discretion in denying defendant's CPL 440.10 motion without a hearing. Defendant failed to demonstrate that he was prejudiced by his trial counsel's failure to contest the People's evidence on blood spatter analysis, and the record, viewed as a whole, shows that counsel provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024